UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **ABEL SALAZAR,** | |
| **Plaintiff,** | |
| v. | No. 3:23 CV 1118 |
| **LESSNA,** | |
| **Defendant.** | |

### OPINION and ORDER

Abel Salazar, a prisoner without a lawyer, filed a complaint. (DE # 1.) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Salazar alleges that, on April 10, 2023, Disciplinary Hearing Board ("DHB") Officer Lessna found him guilty of a disciplinary offense and assessed him restitution in the amount of $100,000.00. (DE # 1 at 2.) He states he was ordered to pay restitution to the Indiana Department of Correction ("IDOC") to cover medical expenses for an inmate who was assaulted. (*Id*.) Salazar asserts the IDOC suffered no financial deprivation and he was not given any medical documentation or evidence to support

the restitution award. *Id*. He asks that the $100,000.00 restitution award be removed. (*Id*. at 4.)

The Fourteenth Amendment guarantees prisoners the following procedural due process rights prior to being deprived of a protected interest through a prison disciplinary hearing: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563-73 (1974). To satisfy due process, before an inmate is deprived of a protected interest, there must be "some evidence" in the record to support the deprivation. *Superintendent, Mass Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985); *Campbell v. Miller*, 787 F.2d 217, 222 (7th Cir. 1986). Thus, where an inmate alleges that funds were removed from his account to pay restitution related to a disciplinary offense without any evidence to support the amount of the restitution award, he states a claim pursuant to the Due Process Clause of the Fourteenth Amendment. *See Tonn v. Dittmann*, 607 Fed. Appx. 589 (7th Cir. 2015) ("Because Tonn adequately alleged that the restitution order was not supported by any evidence, we vacate the dismissal of Tonn's due-process claim[.]"). Because Salazar

asserts that there is no evidence to support DHB Officer Lessna's order of $100,000.00 in restitution, he may proceed against him on this claim.[1]

For these reasons, the court:

(1) **GRANTS** Abel Salazar leave to proceed against DHB Officer Lessna in his individual capacity for compensatory damages in connection with assessing a restitution sanction on April 10, 2023, in the absence of any evidence, in violation of the Fourteenth Amendment;

(2) **GRANTS** Abel Salazar leave to proceed against DHB Officer Lessna in his official capacity for injunctive relief to remove or modify the restitution sanction assessed on April 10, 2023, in the absence of any evidence, in violation of the Fourteenth Amendment;

(3) **DISMISSES** all other claims;

(4) **DIRECTS** the Clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) DHB Officer Lessna at the Indiana Department of Correction, with a copy of this order and the complaint (DE # 1);

(5) **ORDERS** the Indiana Department of Correction to provide the full name, date of birth, and last known home address of the defendant if he does not waive service if it has such information; and

---

[1] Salazar appears to be challenging only the order of restitution. However, to the extent that Salazar intends to challenge the finding of guilty, if he lost good time credit, habeas corpus is his exclusive remedy. *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("Habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . ..").

(6) **ORDERS**, under 42 U.S.C. § 1997e(g)(2), DHB Officer Lessna to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED.**

Date: May 29, 2024

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT