UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ABEL SALAZAR,<br><br>    Plaintiff,<br><br>    v.<br><br>LESSNA,<br><br>    Defendant. | No. 3:23 CV 1118 |

### OPINION and ORDER

Abel Salazar, a prisoner without a lawyer, is proceeding in this case on two Fourteenth Amendment claims against Disciplinary Hearing Board ("DHB") Officer Lessna: (1) "in his individual capacity for compensatory damages in connection with assessing a restitution sanction on April 10, 2023, in the absence of any evidence;" and (2) "in his official capacity for injunctive relief to remove or modify the restitution sanction assessed on April 10, 2023, in the absence of any evidence[.]" (DE # 7 at 3.) Specifically, Salazar alleged in his complaint that DHB Officer Lessna violated his due process rights during a disciplinary hearing on April 10, 2023, by assessing a restitution sanction without any evidence to support the sanction. (*Id.* at 1-3.) On September 16, 2024, DHB Officer Lessna filed a motion for summary judgment, arguing Salazar did not exhaust his available administrative remedies before filing this lawsuit. (DE # 23.) With the motion, DHB Officer Lessna provided Salazar the notice required by N.D. Ind. L.R. 56-1(f). (DE # 26.) Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b), a party opposing a summary judgment motion must, within 28 days after the movant serves the motion, separately file (1) a response brief; and (2) a Response to Statement of Material Facts, which includes a citation to evidence supporting each dispute of fact. This deadline passed over six months ago, but Salazar still has not responded. Therefore, the court will now rule on DHB Officer Lessna's summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before

judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.*

DHB Officer Lessna provides an affidavit from the Grievance Specialist at Indiana State Prison ("ISP") and Salazar's grievance records, which show the following facts:[1] During all relevant times, an Offender Grievance Process was in place at ISP. (DE # 23-3 at 2.) The Offender Grievance Process requires inmates to complete three steps before filing a lawsuit: (1) a formal attempt at resolution; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. (*Id.*) To complete the first step, an inmate must submit a grievance within ten (10) business days of the incident giving rise to the complaint. (*Id.* at 3.) Salazar's grievance records show he did not timely submit any grievances within ten business days of the April 10, 2023, disciplinary hearing. (*Id.* at 6.) Salazar did submit a grievance on May 2, 2023, complaining he was given a "rehearing when I never asked for one" and was issued additional sanctions for the same offense, which he argued constituted double jeopardy. (*Id.* at 5; DE # 23-4 at 3.) However, this grievance complained only about the additional

---

[1] Because Salazar has not responded to DHB Officer Lessna's summary judgment motion, the court accepts the Grievance Specialist's attestations and the contents of Salazar's grievance records as undisputed. *See* Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion").

3

sanctions issued during the "rehearing," and did not complain about the original disciplinary hearing held on April 10th or allege that his due process rights had been violated during that hearing. (*Id.*) The grievance office rejected Salazar's May 2nd grievance for several reasons, including that Salazar did not fully complete the grievance form and the grievance appeared to be untimely, and there's no evidence Salazar ever corrected and resubmitted the grievance. (DE # 23-4 at 2; *see* DE # 23-2 at 10 (if the Grievance Specialist rejects a grievance, "[i]t shall be the responsibility of the offender to make the necessary revisions to the grievance form and to return the revised form to the Offender Grievance Specialist within five (5) business days from the date that it is returned to the offender.").)

Here, DHB Officer Lessna has met his burden to show Salazar did not exhaust his available administrative remedies before filing this lawsuit. Specifically, it is undisputed Salazar never timely submitted any grievance related to his claim that DHB Officer Lessna violated his due process rights on April 10, 2023, and Salazar does not argue or provide any evidence his administrative remedies were in any way unavailable.[2] Therefore, summary judgment is warranted in favor of DHB Officer Lessna.

---

[2] Salazar alleged in his complaint that the grievance process was unavailable because his claim involves a disciplinary sanction, which is not a grievable issue. (DE # 1 at 3.) Salazar does not raise this argument in response to DHB Officer Lessna's summary judgment motion. Regardless, this court previously has held that an inmate's claim that his due process rights were violated during a disciplinary hearing raises a grievable issue. *Fleming v. Valazquez*, No. 3:20-CV-845-RLM-MGG, 2022 WL 2439086, at *2 (N.D. Ind. July 5, 2022).

4

For these reasons, the court:

(1) **GRANTS** DHB Officer Lessna's motion for summary judgment (DE # 23); and

(2) **DIRECTS** the Clerk to enter judgment in favor of DHB Officer Lessna and against Abel Salazar and to close this case.

### SO ORDERED.

Date: April 9, 2025

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT

5